Appeal No. 06-3054, Parrish v. MSPB. Mr. Dahl, when you are ready, you may proceed. Thank you. I believe that the primary issue in this case is whether or not the demonstration project that was adopted by the Southwestern Indian Polytechnic Institute divested the Marist System Protection Board jurisdiction to hear my client's appeal when he was separated under a reduction in force. Your argument, as I understand it, is that because of the procedural irregularities in following section 37.15, 37.31. The codification is 37.31, that's correct. But as I understand it, your argument is that the procedural irregularities in following that statute are such that the MSPB was not divested of jurisdiction, therefore your client has jurisdiction, the MSPB was wrong. That is correct. But that turns on the propriety of the regulations that were implemented under that statute. That is correct as well. On what basis do you contend that the MSPB has jurisdiction to consider that? Isn't that an issue that would have to be addressed in a district court under an APA action? Not necessarily, Your Honor, because it is our position that the MSPB never lost jurisdiction. But that's because of the procedural irregularities. Right. But it all comes down to the procedural irregularities in implementing this statute, but that's not within the jurisdiction of the MSPB. Well, I do believe, Your Honor, that an agency such as the MSPB can determine whether or not regulations which it enforces and which it interprets can determine whether or not those regulations do or do not properly apply in a case. But on what basis do you contend the board has jurisdiction to interpret those regulations? Because the board had jurisdiction, Your Honor, under 5 U.S.C. section 7511 in my client's case. Before the enabling act, excuse me, before the demonstration project went into effect, my client was subject to that statutory provision. The MSPB has power to enforce that particular statutory provision. When the enabling act was put in place, it provided a framework, if you will, for a demonstration project. But a framework is nothing more than a blueprint. And if I can use an analogy, what you had in this case was a blueprint, which is public law 405-337, which was the enabling act. But that blueprint was merely that, a blueprint. It was then up to the agency, in this case SIPI, that's what we call Southwestern Public Technic Institute, to follow the blueprint. Well, if you're building a house and you've got a blueprint there and you don't put in a load-bearing wall, the house is going to fall down. And you're not going to have anything. That's essentially what our argument is in this case, is that the framework or the blueprint was not followed. When the framework or the blueprint is not followed, that leaves the prior system there. And I'm not asking, nor is my client asking, that the MSPB make any type of a determination as to whether or not the legislation in this case was improper. We do not believe that it was. Well, as I understand your argument is that the agency failed to publish in the Federal Register in accordance with the statute because they didn't publish the plan. They just published, in effect, an announcement of the plan. That's your basic argument, isn't it? That is correct, Your Honor. And in fact, that's one of the crucial points that I think that the MSPB failed to recognize in their decision in this case. And that is this. If you look at the MSPB's decision in paragraph 7, they talk about the fact that the plan was enacted by SIPPY, and therefore the personnel manual, which the plan makes reference to, substitutes, if you will, for the previous rights and regulations that are found under Title V. In this particular situation, however, I think it's important to note that that personnel manual, which was allegedly substituting for the Title V rights, was not even in existence in its format that it's being used at the time that the publications took place. And in fact, that particular personnel manual did not go into effect until October 29 of the year 2000, well after all of the rulemaking had taken place in this case. All of that, though, goes to the merits of whether the RIF was overridden by the demonstration project. Let's go back. Let's help me work my way through it. Okay. You refer to the statutory rights. Actually, the right to a hearing before the MSPB as a result of a RIF is really the result of OPM regulations, properly adopted, I take it. That is correct. And everybody accepts that. Yes. So the board had jurisdiction over the RIF issue. That's your beginning point, isn't it? That is my beginning point, absolutely. And then the question is whether that jurisdiction was ousted by the demonstration project. That is correct as well. And I take it your position is – let's put the question this way. Let's assume that somebody wanted to challenge the statute that created the demonstration project, Section 3731, whatever it is here, the note. Odd place to put a statute, but they stuck it in the note. Let's assume somebody wanted to challenge the statute as unconstitutional for some reason or another. Would that be an issue that the board could take up? I don't believe that the board could take up anything in the way of constitutional enrollment. Why not? I mean, what you're saying is that the board should take up the question here of whether the statute was complied with by the procedure, right? Why wouldn't the validity of the – and that's a question of law, isn't it? Yes, it is a question of law. So the board, as far as you're concerned, can decide questions of law. I agree. Why wouldn't the validity of the constitutionality of the statute be a question of law? Well, because I think it's circumscribed in this respect, Your Honor. That is, the board can determine the validity of something that has statutory authority over with respect to Title V issues. But it can't go beyond that to determine whether or not Title V, for example, complies with U.S. or state constitution. Why not? Who says it can't? Is there anything in the RIF regulations that OPM has adopted that spells out the scope of the board's review over RIF cases? No, there is not, Your Honor. I couldn't find anything either. No, I – So if there's nothing in the regulations that limit the board's review, why are you drawing that line? Well, simply because of the way I read Title V. But there's nothing in Title V that speaks to this, is there? No, there's not. So you can't read Title V to get the answer? You have to make it up out of what? Well, I would say this. If you look at the case law that's been developed, I think you see that the MSBB has no problem in looking at demonstration projects to see if they have properly waived Title V entitlements that may have been waived before. Well, you said properly waived, but I gather the board's position is that isn't the standard whether they properly waived. The standard is whether they waived, and we're not going to get into questions of whether they accomplished the waiver properly or improperly. That's the board's theory, is it not? Let me ask you something else. To what extent, if any, is there room for play here in the board's authority to determine its own jurisdiction? Well, I agree. Because you're asking us to reverse the board's decision that it had no jurisdiction. And I don't know. I would think that there'd be some room for play, that the board has some discretion, I don't know how much, to determine its own jurisdiction. I agree, Your Honor, that the board has some discretion to determine its own jurisdiction. But going back to the way I read the case law, the board is not adverse and has no qualms about looking at demonstration projects that are enacted under Title V, under OPM regulations, to see if those particular projects meet the requirements that are necessary to waive a Title V entitlement. I think it's no different in this case. And one of the cases that we have cited before this court is the Coffield case. And we have asked the court to basically substitute Sippey for the OPM, or the Sippey president for OPM, because he's the one that makes the final decisions. If you look at the Coffield case, it clearly looks at whether or not, in the China Lake project, there was a waiver of Title V rights. Yeah, but what they looked at in Coffield was whether the properly adopted plan had expressly waived that particular Title V, what you call a Title V right, the OPM regulation right. And in this case, you're asking us to go one step back from that and don't ask whether they expressly waived, but ask whether they had a valid plan. Which brings me back to my question, which is, if we can go a step back and ask about whether they had a valid plan, why can't we go a step back and ask whether they had a valid statute under which to issue a plan? And you want to draw the line here, and the government wants to draw the line here, and I'm looking for some principle basis on which to know where the line is drawn. Help me with that. If I can articulate it, Your Honor, I believe that the Marist Systems Protection Board is able to look at these issues regarding OPM regulations or Title V entitlements from the get-go. And what I mean by that is that they are the board that is charged with not only enforcing OPM regulations, but interpreting OPM regulations. And so, on that basis, Your Honor, one of the things that they do is to determine whether or not in demonstration projects which shy away from a rigid application of Title V, to see if there's sufficient notice and comment that those particular waivers have been given to the public. What about comparative competence between the board's ability to evaluate whether the statute has been complied with and a court's ability to evaluate that under the APA, for example? Why wouldn't we be better off having this issue resolved by a trained judge under the APA rather than by an administrative board dealing with a complex issue, which might explain why you don't think statutes should be challenged before the board. That makes some sense. If you're uncomfortable with that, why aren't you uncomfortable with this, other than your client happens to want it? Simply, Your Honor, I think that a regulatory agency is well-placed to determine how to look at its own regulations and to determine whether or not it has jurisdiction over those types of areas where there has been a modification or waiver of those regulations. And I think that that's part of our principle of jurisprudence in this case, is to be able to do that. You're into your rebuttal. Yes. We'll give you a full three minutes. We'll now hear from the government. Thank you. Is it Gauger? That's right, Gauger. Gauger, okay, very good. May it please the Court. Congress has given the board authority to hear personnel actions. It's given the district court the authority to hear challenges to rulemaking. And the core argument presented by the petitioner is a challenge to SIPI's rulemaking in implementing this demonstration project. It would help me if you tell me exactly what does the board think is its jurisdiction in this area. Is it basically just to see whether or not they purported to adopt a plan that would oust the board of jurisdiction? Is that its jurisdiction? The board basically looks at three things. First of all, did the agency have statutory authority to implement this demonstration project? And here I don't think there's any dispute that there's statutory authority. Second, did the agency actually exercise that authority? And there must be some evidence of that. And finally, was the petitioner... But you don't say, did the agency exercise that authority properly? You leave off properly, is that right? The question is whether they just exercised it somehow. That's correct. The board will assume that a regulation has the force and effect of law. It will not look behind the regulation at the rulemaking process that brought the regulation. Let me put you a hypothetical. Suppose in this case the agency said, even though the statute requires that our plan be published in the Federal Register, as far as we're concerned that's a lot of nonsense because no one out here ever reads the Federal Register. So instead of publishing it in the Federal Register, what we're going to do is post it on the bullet board. That's all we're doing, is post it on the bullet because we think that's a better way of informing our employees of what's in the plan than publishing it in this document that no one ever looks at. My question to you is, in that situation would the board say, we have no jurisdiction to consider that because they did purport to adopt a plan that would oust us of jurisdiction? I think you're correct in that. That's pretty close to what happened here. The board would accept that as evidence of the fact that they had adopted the plan. Let's push it one step further. Let's assume the agency does nothing more but put a notice in the local newspaper. We think we should oust the OPM, or rather the board. We hereby declare we're ousting the board of any review of RIFs because we're getting ready to RIF. That's all they do, they put that announcement in the paper. And this case comes up and the answer to what the government gives to the petitioner who says I'm being RIFed is, hey, under the statute they've got power to oust the RIF authority and they've said that's what they want to do. It's just one step removed from Judge Friedman's case. Still, the board would stick its head in the sand and say, oh fine, we're ousted. Do you think? I think it would be a much closer question, but it would be adequate. You think that would be adequate? The board wouldn't care? What the agency needs to do is present evidence to the board that, and this is after there's been an allegation from the employee that the board actually has jurisdiction and cites the regulation. Then the agency comes back. The agency needs to have evidence that in fact it did waive that regulation and here's the plan. The evidence in my hypothetical one step removed from Judge Friedman's, he's a nice person and gave you an easier one, one step removed is there's a publication in the local newspaper saying you're ousted, board. That would be evidence? And that's it with no, nothing in the Federal Register at all? No. For the reasons he suggests, they don't read the Federal Register. Well, if there were no regulation at all, at least in this case there's a regulation, I think that would be a much closer question. The board may well say, well, there's no evidence that you had any rulemaking at all. There's no regulation that's been promulgated here. It sounds to me that you're suggesting that the board does engage in some sort of an analysis, some sort of an undertaking to review the procedural posture of this ouster. If that's the case, then why was there no analysis in this case? Well, the board does not look into the procedures. We'll look into the substance of the plan. You say it does look into the substance of the plan? Well, we'll look into the substance, right. Does it actually waive the OPM's review rights? Well, that entails both review of the substance of the implementing statute and regulations and the procedures by which they were promulgated. We'll look at the statute. We'll look at the regulation. And here it did that. Here it looked at the legislative history. And finally, the board looked at the plan itself, which, granted, was not published in the Federal Register. But there is a plan, and it does specifically address RIF review rights. It's clear that the RIF review rights in the plan do not provide an appeal. Suppose they did everything they should have done, except they published the plan in German, because they said that a large number of our employees don't speak English. Would the board just say, well, we'll get someone who can translate to German and we'll translate it? And it says they're ousting the Board of Jurisdiction, so we have no jurisdiction. Would they go that far, do you think? Maybe you don't have any idea. But let me ask you a different question now. Under the board's view of this case, where can Mr. Parrish get his issues litigated? The board tells him he can't litigate before the board. Suppose we were to affirm the board's decision in this case. Can he then file a suit in the Court of Federal Claims under the Back Pay Act, saying I was improperly discharged because the reduction in force was defective, since they didn't comply with the statute and properly publish the notice of this plan in the Federal Register? Could he do that? I think the proper form would be district court, which has the jurisdiction over the APA claim. Well, that's my question. I don't know. Is it an APA claim? Why is it a back pay claim? He said that he should have been getting back pay for all these years, since he's been out of work, because they improperly… I mean, if somebody is fired, they can go into the Court of Federal Claims and seek back pay, I think. Well, if it's a challenge to the RIF or to personnel action, the right to review he had was provided in SIPI's plan, and he had a right to go through their administrative process. If what he'd like to do instead is challenge flaws or perceived flaws in the rulemaking process, then district court would have been… As I understand, you provided him with either – with a plan, some process by which he could appeal within the agency administratively. He didn't do that, did he? No. That's correct. Instead, he filed an appeal at the MSPB. You do concede, I gather, if we push you far enough and hard enough, you do concede that there's some point at which the board has to ask itself, has there really been an ouster? That's true, and that would be the waiver question. There has to be something sufficient to waive the existing appeal right that the employer has proposed. The creation of an administrative remedy within the agency to evaluate the reduction in force would be viewed as creating an alternative procedure to that provided normally. Well, it could if – I mean, if this plan had stated in addition to existing appeal rights or in addition to an appeal at the MSPB, the employee may also have this administrative agreements right. But that's not what SIPPY did here. They made it clear that this is exclusive – the exclusive appeal right is to go through either – if there's – if you're covered under the negotiating agreements procedure, you go there. If not, you go through the administrative process. And that is one thing the board has to consider is whether the employee actually is covered by the demonstration project. And here, I don't think there's any dispute that the petition was covered. Well, the board has to consider whether the employee is covered. The board, under its own prior precedent, has to consider whether the ouster document correctly stated that there was an ouster of the RIF process, right? But you're telling us that the board somehow doesn't have to consider whether there was an actual document that expressed the ouster. They only have to ask whether the document expressed it correctly. That's your view of what is the case that's been set? Cofield? Well, no, there does need to be a plan. There does need to be a plan. But there wasn't a plan in this case. If he's correct that they didn't properly adopt a plan, then there wasn't a plan, right? There was not a plan published in the Federal Register. Right. So if there was no plan properly adopted, then where are we? Well, if there was no plan in the record, and all you had was the regulation, you would see that there had been some attempt, because the regulation does say that they have a personnel system that covers separations and staffing. But without a plan, there would not be a specific waiver of that right. So the plan is needed. Does the plan explicitly have to state that there's a waiver? That's Cofield, isn't it? Right. Here, there's a number of places where they actually did that. No, that isn't my question, whether they actually did it. My question is, must the plan so state for the board to treat it as ousting it of jurisdiction? I think the board does look for that. It looks for some type of statement of waiver, or at least to be clear. Suppose the plan said nothing, but the agency said implicit in the adoption of this plan is the waiver. We don't adopt this plan and at the same time allow them to keep going to the board. It's implicit in it. Wouldn't the board look to see whether it was implicit in the plan? I think it would, and I think that would be a much better case. Well, doesn't that relate to the procedures or something else? I think the procedure that the petitioner is really saying is flawed here is the publication of the plan. I don't think the petitioner is claiming there's no plan. The petitioner is claiming there was no valid plan. That's basically what they—there's no valid plan because it wasn't properly published in the Federal Register as the statute required. I think that's their claim, isn't it? It wasn't published, right, but not that there was no plan. No, I understand that. And Coffield actually supports our position. Coffield, the board did look at the Federal Register as the board did here. The board also looked at other record evidence and made that clear, and that's what the board has done here. It has looked at what should be put in the Federal Register, but it also looked at the excerpts of the plan that were submitted. I'm having trouble finding a principled way to draw the line between what the board looked at in Coffield and what this petitioner is asking the board to look at. Can you articulate for me how I differentiate what the board thinks it can look at and should and what the board now thinks it can't look at and should? The board is interested in evidence of waiver, and if that evidence, if it was all contained in the Federal Register, that would be very clear. Here, most of it is, but the plan itself is not published in the Register. Evidence of waiver, meaning as a fact of their intention to waive or as evidence that they legally waived? Which is it? I would think it would be the, it should be that there has been a legal waiver. And they're challenging the question of whether there's been a legal waiver. Doesn't the board have to look at that? Right, but the board will treat the regulation as if it has the force and effect of law. And so when SIPI promulgates regulation that says it has an independent personnel system and that that system covers staffing at the agency, the board is bound by that. And then SIPI, in addition, presents its personnel system plan and that has its own review rights. The board has to accept that as evidence of waiver. And that's what it has done here. Unless there are other questions. Thank you very much. Thank you very much. Mr. Dahl? Thank you for a pleasing report. I think it's telling that the MSPB position here is that the mere adoption or statement, really, in the Federal Register that a plan exists is sufficient to allow them to determine that, in this case, there was an appropriate waiver. The MSPB does look at waivers. And they do look to see if there has been specific waiver of OPM regulations and of other Title V entitlements. In this particular case, statutorily, that was to take place as well. It did not. The MSPB did not look at that. And as a result, there was no divesting of jurisdiction from the MSPB for my client to appeal his reduction in force. You know, the merit system, as it's been set forth, is to make sure that there is trust in the government that they will handle employee issues in a manner that is based on merit. That was lost here. The MSPB really had jurisdiction. They should not have given it up. And in this particular case, it still exists. My client had a valid right to appeal. We would ask that the Board remand and let the appeal be heard. Thank you. Thank you. Case is submitted. Thank you very much.